09-4009-cv
West v. Nexpress Solutions, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand ten.

Present:    PIERRE N. LEVAL,
            ROBERT A. KATZMANN,
            BARRINGTON D. PARKER,
                        *Circuit Judges.*

_____

JENNIFER WEST,

                    *Plaintiff-Appellant,*

                    - v -                              No. 09-4009-cv

NEXPRESS SOLUTIONS, INC., EASTMAN KODAK COMPANY,
NEXPRESS SOLUTIONS, INC. SEVERANCE BENEFIT PLAN,

                    *Defendants-Appellees.*

_____

For Plaintiff-Appellant:          J. NELSON THOMAS (Cristina A. Douglass, *on the brief*), Thomas & Solomon LLP, Rochester, N.Y.

For Defendants-Appellees:         MEGHAN M. DiPASQUALE, Ward Norris Heller & Reidy LLP, Rochester, N.Y.

Appeal from the United States District Court for the Western District of New York (Telesca, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Jennifer West appeals from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*) entered September 11, 2009, granting defendants' motion for summary judgment, denying plaintiff's cross-motion for summary judgment, and dismissing plaintiff's complaint. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in her favor. *Burke v. Kodak Ret. Income Plan*, 336 F.3d 103, 109 (2d Cir. 2003). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In an ERISA action where, as here, "written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, we will not disturb the administrator's ultimate conclusion unless it is 'arbitrary and capricious.'" *Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009) (quoting *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 441 (2d Cir. 1995)).

Upon consideration, and in light of these principles, we conclude that the district court properly granted defendants' summary judgment motion because the plan administrator did not act arbitrarily or capriciously in denying plaintiff's request for severance benefits. Accordingly, we affirm the judgment of the district court for substantially the same reasons as those articulated by that court.

Plaintiff nevertheless argues that the district court's judgment should be vacated because that court erred in refusing to allow discovery regarding an "abundance of disputed factual issues." Pl. Brief at 24. We review such a refusal for abuse of discretion. *See Gualandi v. Adams*, 385 F.3d 236, 244-45 (2d Cir. 2004). Having carefully considered the record below and the parties' submissions to this Court, we conclude that the district court did not abuse its discretion when it limited discovery to those matters relating to defendants' treatment of similarly situated employees.

Finally, plaintiff argues that the plan administrator's denial of benefits was improperly influenced by the administrator's "conflict of interest as evaluator and payor of benefits." *Hobson*, 574 F.3d at 83. Plaintiff raised this argument for the first time in her reply brief on appeal, however, and we thus decline to consider it here. *See Diaz v. Paterson*, 547 F.3d 88, 94-95 (2d Cir. 2008). Accordingly, defendants' motion to strike that portion of plaintiff's reply brief is hereby **DENIED** as moot.

We have considered the remainder of plaintiff's arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK